**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-60950
Summary Calendar

YONG CHUN TANG,

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 499 658

Before JONES, Chief Judge, and DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Yong Chun Tang, a native and citizen of China, petitions for review of a
decision by the Board of Immigration Appeals (BIA) affirming an immigration
judge's (IJ) decision to deny his application for asylum, withholding of removal,
or relief under the Convention Against Torture (CAT). Tang sought immigration
relief based upon his assertion that his wife was forced to abort their second
child and he will be forced to undergo sterilization if he is removed to China.
The IJ denied relief after finding, inter alia, that his asylum application was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

time barred. The IJ also determined that Tang had not credibly established his entitlement to withholding of removal. The IJ further determined that even if Tang's allegations were considered true, his allegations did not qualify as torture under the CAT. The BIA upheld the IJ's adverse credibility finding. Tang challenges the IJ and the BIA's negative credibility determinations, contending that he established that he was entitled to withholding of removal.

Tang does not challenge the determination that his asylum application was time barred. He also does not challenge the determination that he failed to prove that he was eligible for CAT relief. He has therefore abandoned any challenge to these determinations. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The date discrepancies identified by the BIA and IJ are supported by the record. Tang's arguments do not indicate that it is plain that, considering the totality of the circumstances, no reasonable fact-finder would make the same adverse credibility ruling that was made in his case. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). In light of the BIA's finding that Tang failed to provide credible testimony, the BIA's determination that Tang failed to establish his eligibility for withholding of removal is supported by substantial evidence. *See* 8 C.F.R. § 208.16(b); 8 U.S.C § 1231(b)(3)(C); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Tang's petition for review is DENIED.